## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Ascena Retail Group, Inc. Securities Litigation | No. 2:19-cv-13529-KM-JBC |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Defendants David Jaffe and Robert Giammatteo*

April 19, 2022

## TABLE OF CONTENTS

Preliminary Statement..............................................................................................................1

Argument ...............................................................................................................................2

I.   Plaintiffs Fail to State a Section 10(b) Claim ........................................................2

     A.   Plaintiffs Fail to Plead Any False or Misleading Statement....................................2

     B.   Plaintiffs Fail to Plead Scienter.............................................................................6

II.  Plaintiffs Fail to State a 20(a) Claim....................................................................10

Conclusion ...........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberici v. Recro Pharma, Inc.*,
2020 WL 806719 (E.D. Pa. Feb. 14, 2020) ..................................................................9

*Behrmann v. Brandt*,
2020 WL 4432536 (D. Del. July 31, 2020) ..................................................................3

*Carmack v. Amaya Inc.*,
258 F. Supp. 3d 454 (D.N.J. 2017) ..................................................................4

*City of Edinburgh Council v. Pfizer, Inc.*,
754 F.3d 159 (3d Cir. 2014)..................................................................3

*City of Omaha v. CBS Corp.*,
2011 WL 2119734 (S.D.N.Y. May 24, 2011) (*aff'd* 679 F.3d 64 (2d Cir.
2012))..................................................................7

*GSC Partners CDO Fund v. Washington*,
368 F.3d 228 (3d Cir. 2004)..................................................................10

*In re Hertz Global Holdings Inc.*,
905 F.3d 106 (3d Cir. 2018)..................................................................6

*Hoey v. Insmed Inc.*,
2018 WL 902266 (D.N.J. Feb. 15, 2018) ..................................................................3

*Institutional Invs. Grp. v. Avaya*,
564 F.3d 242 (3d Cir. 2009)..................................................................10

*In re Intelligroup Sec. Litig.*,
527 F. Supp. 2d 262 (D.N.J. 2007) ..................................................................6, 8

*Jaroslawicz v. M&T Bank Corp.*,
962 F.3d 701 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1284 (2021)..................................................................5

*Lungu v. Antares Pharma Inc.*,
2022 WL 212309 (3d Cir. Jan. 25, 2022) ..................................................................3

*In re NAHC Sec. Litig.*,
306 F.3d 1314 (3d Cir. 2002)..................................................................10

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
575 U.S. 175 (2015)..................................................................3, 4

*Ortiz v. Canopy Growth Corp.,*
537 F. Supp. 3d 621 (D.N.J 2021) ..................................................................5, 8, 10

*Padgett v. RiT Techs. Ltd.,*
2020 WL 5201347 (D.N.J. Sept. 1, 2020) .............................................................6, 7

*In re Prudential Fin., Inc. Sec Litig.,*
2020 WL 7706860 (D.N.J. Dec. 29, 2020)...............................................................5

*Rahman v. Kid. Brands, Inc.,*
736 F.3d 237 (3d Cir. 2013)......................................................................................9

*Shapiro v. UJB Fin. Corp.,*
964 F.2d 272 (3d Cir. 1992).....................................................................................10

*In re Synchronoss Techs., Inc. Sec. Litig.,*
2019 WL 2849933 (D.N.J. July 2, 2019)...............................................................8, 9

*Tanaskovic v. Realogy Holdings Corp.,*
2021 WL 211049 (D.N.J. Jan. 21, 2021)...................................................................5

*Teamsters Loc. 456 Pension Fund v. Universal Health Serv.,*
396 F. Supp. 3d 413 (E.D. Pa. 2019) ........................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
551 U.S. 308 (2007)...................................................................................................6

*Williams v. Globus Med., Inc.,*
869 F.3d 235 (3d Cir. 2017)......................................................................................6

*Winer Fam. Tr. v. Queen,*
503 F.3d.319 (3d Cir. 2007).......................................................................................6

iii

Further to the Court's Order dated April 5, 2022 (ECF No. 63), Individual Defendants respectfully submit this Supplemental Memorandum of Law in further support of their Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("MTD") (ECF No. 47) and Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Reply") (ECF No. 57).[1] Defendants fully incorporate the MTD and Reply herein.

### Preliminary Statement

Mr. Jaffe, Ascena's former CEO, and Mr. Giammatteo, Ascena's former CFO (together, "Individual Defendants"), are the only defendants remaining in this action. Notably, plaintiffs do not challenge any statements made directly by Messrs. Jaffe and Giammatteo on investor calls or in any other forum. Plaintiffs name them as defendants solely as signatories to Ascena's filings that reported Ascena's opinions about its goodwill estimates. Plaintiffs' theory is that Ascena should have taken a goodwill impairment charge earlier than it did in June 2017, Messrs. Jaffe and Giammatteo supposedly knew that, and thus, *ipse dixit,* they committed securities fraud because they signed Ascena's filings. The Court can swiftly reject this flimsy theory on any one of the following independent grounds (as well as those set forth in Defendants' opening briefs).

First, plaintiffs' complaint is strikingly devoid of a single particularized allegation demonstrating that either individual defendant personally disbelieved Ascena's opinions about its goodwill, or that the challenged statements omitted material non-public information and lacked a reasonable basis. Cover to cover, there is not a single allegation specifying when and by what amount Ascena should have taken an earlier impairment charge, or when, how and why either Mr.

---

[1] Capitalized terms used but not defined herein have the same meaning as in Defendants' opening brief (ECF No. 47).

Jaffe or Mr. Giamatteo supposedly knew that. Plaintiffs' disagreement in hindsight with the timing and judgment of Ascena's goodwill charge fails to plead (must less with particularity) that Ascena's statements were false when Mr. Jaffe and Mr. Giammatteo signed them. At bottom, plaintiffs assert that the Individual Defendants "must have" doubted Ascena's goodwill estimates based on plaintiffs' retrospective disagreement with Ascena's judgments. This type of fraud-by-hindsight pleading has long been rejected in the Third Circuit. *See* Point I, below.

*Second*, plaintiffs fail to plead scienter—the lynchpin of a viable securities fraud claim. The complaint offers no theory of why Messrs. Jaffe and Giammatteo supposedly perpetrated this fraud, much less a cogent and compelling one, as it must under *Tellabs*. The simple and logical inference is that Mr. Jaffe and Mr. Giammatteo genuinely and reasonably believed Ascena's goodwill estimates. Then, when the negative market trends that Mr. Jaffe and Mr. Giammatteo had publicly discussed worsened, the company promptly conducted an interim impairment test and took a goodwill charge. Plaintiffs instead ask this Court to presume that Mr. Jaffe and Mr. Giammatteo, for no discernible purpose and to no apparent benefit, approved false opinions about Ascena's goodwill. This is neither cogent nor compelling. Plaintiffs also posit four reasons why the court should infer some form of fraudulent intent as to Mr. Jaffe and Mr. Giammatteo. Each lacks factual support or could be generically alleged against any defendant. *See* Point II, below.

## Argument

### I.   Plaintiffs Fail to State a Section 10(b) Claim

#### A.   Plaintiffs Fail to Plead Any False or Misleading Statement

The gist of plaintiffs' case is that Ascena should have taken an impairment charge at some unidentified time earlier than it did on June 8, 2017, and its failure to do so amounts to securities fraud. Plaintiffs challenge as false and misleading Ascena's financial statements containing Ascena's estimates of goodwill, which Mr. Jaffe and Mr. Giammatteo signed. *See* AC ¶¶ 58-113.

2

Defendants showed, and plaintiffs concede, that Ascena's statements regarding its goodwill estimates are "opinion statements" that can reflect "'a range of reasonable treatments.'" *See* MTD at 18-21; Opp. at 17-19; *see also Behrmann v. Brandt*, 2020 WL 4432536, at *8 (D. Del. July 31, 2020) ("Goodwill estimates are opinion statements because they depend on management's determination of the fair value of the assets acquired and liabilities assumed, which are not matters of objective fact and will vary depending on the particular methodology and assumptions used."). As such, they are "only actionable under the securities laws if they are not honestly believed and lack a reasonable basis." *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 170 (3d Cir. 2014); *accord Lungu v. Antares Pharma Inc.*, 2022 WL 212309, at *3 (3d Cir. Jan. 25, 2022). Or, as the Supreme Court held in *Omnicare*, statements of opinion are actionable only when "they do not reflect the speaker's subjective belief (*i.e.*, the speaker does not 'actually hold[] the stated belief'), *or* they omit known material information undermining that belief." Opp. at 18 (citing *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 183-92 (2015)). Plaintiffs here do not come close to adequately pleading opinion liability.

First, plaintiffs do not allege any facts remotely suggesting that either Mr. Jaffe or Mr. Giamatteo did not personally believe Ascena's contemporaneously reported goodwill estimates. There is no confidential witness allegation, internal document, or secretly conducted and undisclosed impairment test showing that either Mr. Jaffe or Mr. Giammatteo knew that Ascena's goodwill was impaired (or even needed additional impairment testing) before May 17, 2017. Plaintiffs' failure to allege this prong of subjective disbelief as to the Individual Defendants effectively guts their sole remaining claim that the challenged opinions were false. *See Hoey v. Insmed Inc.*, 2018 WL 902266, at *16-17 (D.N.J. Feb. 15, 2018) (defendant's opinion statement

was inactionable because it "constitutes that individual defendant's subjective belief" and plaintiff fails to allege that the individual defendant doubted the statement).

Second, unable to allege that either Mr. Jaffe or Mr. Giamatteo did not personally believe Ascena's opinions about goodwill, plaintiffs fall back on claiming—without *any* support—that Ascena's statements regarding goodwill "had no basis" and "did not 'fairly align[] with the information'" in Defendants' possession. *See* Opp. at 19 (citing *Omnicare*, 575 U.S. at 188-89). But under *Omnicare*, facts "cutting the other way" are not sufficient to render an opinion misleading. 575 U.S. at 189-190. Instead, plaintiffs must "identify particular (and material) facts going to the basis for the issuer's opinion," "whose omission makes the opinion statement at issue misleading to a reasonable person[.]" *Id.* at 194; *see also Carmack v. Amaya Inc.*, 258 F. Supp. 3d 454, 468 (D.N.J. 2017) ("Plaintiffs have not alleged facts that would tend to give rise to a perception of omission on [defendant's] part as to the bases [sic] for its opinion.").

Plaintiffs *do not plead a single omitted fact*—their entire case is based on information that Mr. Jaffe and Mr. Giammatteo repeatedly disclosed to investors. Indeed, the complaint extensively details the Individual Defendant's repeated warnings that Ascena was facing "elevated traffic headwinds" and declining sales. *See e.g.,* AC ¶¶ 62, 68, 73-76, 89-93, 104-106, 112-113. And plaintiffs fail to grapple with the fact that Ascena's annual impairment test in September 2016, half-way through the putative class period, gave Messrs. Jaffe and Giammatteo a reasonable basis to believe that Ascena's goodwill estimates in its disclosures were correct. *See* MTD at 11-13.

Further, none of this publicly-available information demonstrates that Ascena's opinions about its goodwill estimates "had no basis." Opp. at 19. Plaintiffs concede (as they must) that goodwill estimates reflect opinions that can reasonably differ consistent with GAAP. Plaintiffs' hindsight disagreement—offered up solely for the purposes of this litigation—boils down to the

irrelevant assertion that, if they had stood in Defendants' shoes and been charged with opining about goodwill, they would have come up with a different opinion. This is not remotely enough to pass the "rigorous benchmark" of establishing that a genuinely held opinion is nonetheless actionable because it lacked a reasonable basis. *See Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 717 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1284 (2021) (finding that liability only attaches to opinion statements "if [omitted material] facts conflict with what a reasonable investor would take from the statement itself," which is "'no small task'" and a "rigorous benchmark").

This Court's recent decision in *Ortiz v. Canopy Growth Corp.* is instructive. 537 F. Supp. 3d 621 (D.N.J 2021). Likening statements about a company's inventory and revenue to statements about business goodwill, which this Court observed are, "according to the Ninth and Second Circuits, 'subjective' rather than 'objective factual matters,'" this Court applied *Omnicare*. *Id*. at 667, 671. This Court rejected plaintiffs' allegations about defendants' revenue statements because plaintiffs "merely allege that [defendants] 'must have' doubted its statements because it ultimately had to reverse some of the revenue it recognized," and concluded that "[t]hose allegations of fraud-by-hindsight are insufficient." *Id*. at 671-72.[2] Here, just like the revenue statements in *Ortiz*, and unlike the inventory statements, plaintiffs ***fail to plead a single fact*** showing that either Mr. Jaffe or Mr. Giammatteo did not believe the goodwill estimates in Ascena's financial statements or knew that those opinions lacked a reasonable basis. Plaintiffs' claim should be rejected as impermissible fraud by hindsight. *See Id*. at 659-660, 672; *see also Tanaskovic v. Realogy Holdings Corp*., 2021 WL 211049, at *6 (D.N.J. Jan. 21, 2021); *In re Prudential Fin., Inc. Sec Litig.*, 2020 WL 7706860 at *12 (D.N.J. Dec. 29, 2020).

---

[2] The Court concluded that the alleged statements of a confidential witness supported an inference that defendants' inventory statements were not believed when made.

### B.      Plaintiffs Fail to Plead Scienter

The complaint should also be dismissed on the separate ground that plaintiffs fail "with respect to each act or omission alleged," to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," which is an "intent to deceive, manipulate, or defraud." *Winer Fam. Tr. v. Queen*, 503 F.3d.319, 335 (3d Cir. 2007); *In re Hertz Global Holdings Inc.*, 905 F.3d 106, 114 (3d Cir. 2018). This requires a plaintiff to plead the "who, what, when, where, and how" of the alleged fraud (*see In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 275 (D.N.J. 2007)) with respect to *each* defendant. *See Winer Fam. Tr.* 503 F.3d at 335-36. In determining whether a "strong inference" of scienter is pled, a court must consider all competing inferences and conclude that an inference of scienter is "'more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.'" *Williams v. Globus Med., Inc.*, 869 F.3d 235, 245 (3d Cir. 2017) (quoting *Tellabs*, *Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007)).

Plaintiffs' theories of scienter are incoherent and less compelling than the straight-forward, benign explanation. In a company with, as plaintiffs allege, "robust" internal controls (AC ¶ 126), Mr. Jaffe and Mr. Giammatteo signed Ascena's class period financial statements, genuinely and reasonably believing Ascena's estimates of goodwill. By May 2017, market conditions had worsened "significantly above" Ascena's expectations, and the company promptly decided to perform interim impairment testing, resulting in the impairment charge. *See* MTD at 9. Plaintiffs' theory requires the Court to suppose that Mr. Jaffe and Mr. Giammatteo chose to mislead their shareholders for no discernible benefit to themselves—no stock sales, no alleged bonus—all while warning investors about declining sales, shrinking margins, and the possible need for an interim impairment test. *See* MTD at 12-13. The complaint provides no support for such an inference and must be rejected under *Tellabs*. *See Padgett v. RiT Techs. Ltd.,* 2020 WL 5201347, at *6 (D.N.J.

Sept. 1, 2020) (rejecting plaintiffs' theory of scienter for failing to advance the inference that defendants knew their public disclosures were materially false or misleading).

Considered individually and holistically against this backdrop, plaintiffs' hodgepodge of reasons why the Individual Defendants supposedly acted with fraudulent intent, each discussed below, illustrates the fundamental insufficiency of their Section 10(b) claim.

*The Public Statements Theory*. Plaintiffs allege that Defendants' own public statements show that they had knowledge of the "triggering events" that led to Ascena's goodwill impairment charge. AC ¶ 123; Opp. at 21-24. This allegation is based on (i) Mr. Giammatteo's June 8, 2017 statement attributing the impairment to "a significant change in the market environment we've seen over the past couple of years," (AC ¶ 125) and (ii) public statements made by Messrs. Jaffe and Giammatteo during earnings calls throughout the class period (*see e.g.*, AC ¶¶ 73-76, 89-93).

First, plaintiffs fail to connect Mr. Giammatteo's June 8 statement to any knowledge that Ascena's goodwill estimates were wrong. Mr. Giammatteo simply reiterated exactly what he and Mr. Jaffe disclosed on earnings calls during the putative class period: Ascena was operating in a challenging retail environment that notably worsened over the course of the period. Nothing in Mr. Giammatteo's statement acknowledging adverse market trends "admits" that Mr. Giammatteo believed that GAAP required an impairment charge at some unspecified earlier date. *See City of Omaha v. CBS Corp.*, 2011 WL 2119734, at *6-7 (S.D.N.Y. May 24, 2011) (rejecting plaintiffs' allegations that CBS should have foreseen that adverse market trends would persist and lead to goodwill impairment) (*aff'd* 679 F.3d 64 (2d Cir. 2012)).

Second, plaintiffs allege that Mr. Jaffe's and Mr. Giammatteo's public statements during the putative class period show that they were aware of "the objective facts underlying the Company's impairment charge." AC ¶123. But as discussed above, the accounting treatment of

7

these "objective facts" is inherently "subjective" (*see Ortiz*, 537 F. Supp. 3d at 667), and plaintiffs fail to plead exactly when and why Mr. Jaffe and Mr. Giammatteo believed an impairment charge was required at some point earlier than when Ascena took one.

Plaintiffs are also wrong that "red flags" alone can establish scienter as to either individual defendant. Opp. at 21-24. Plaintiffs fail, as they must, to plead with particularity that Mr. Jaffe or Mr. Giammatteo "had clear reasons to doubt the validity of the issuer's financials but, nonetheless, kept turning a blind eye to all such factual 'red flags.'" *Intelligroup*, 527 F. Supp. 2d at 287; *accord In re Synchronoss Techs., Inc. Sec. Litig.*, 2019 WL 2849933, at *14 (D.N.J. July 2, 2019). Indeed, the opposite is true. Messrs. Jaffe and Giammatteo warned investors about the negative trends Ascena was experiencing, and at the time of the annual impairment test, warned that ANN's fair value exceeded its book value by only a narrow margin. *See* MTD at 11-12. Then, during the last two quarters of the class period, Ascena warned that if market conditions worsened, it could require Ascena to perform interim testing. *See* MTD at 12-13. Far from turning a blind eye to any "red flags," Mr. Jaffe and Mr. Giammatteo actively considered the impact of market conditions on the company's goodwill estimates and disclosed that assessment to the market—disclosures that "significantly detract from any inference of scienter." *Teamsters Loc. 456 Pension Fund v. Universal Health Serv.*, 396 F. Supp. 3d 413, 471-472 (E.D. Pa. 2019).

*Generalized Imputation of Knowledge.*[3] Having failed to allege any particularized facts supporting the Individual Defendants' fraudulent intent, plaintiffs attempt to impute scienter to the Individual Defendants by pleading that (i) Ascena "had robust systems in place to channel detailed

---

[3] Plaintiffs' allegation that the "sheer magnitude of the impairment charge raises a strong inference of scienter" (AC ¶ 132) is similarly deficient. Plaintiffs fail to allege how the magnitude of the impairment charge in any way supports an inference that Mr. Jaffe or Mr. Giammatteo knew that Ascena's goodwill estimates were false. *See* MTD at 25-27; Reply at 13.

8

information concerning the Company's deteriorating operations to the Individual Defendants" (AC ¶ 126), and (ii) that ANN was a "core business" of Ascena (AC ¶131). Both theories of scienter amount to nothing more than conclusory allegations devoid of factual support or impermissible group pleading, asking this court to presume that Messrs. Jaffe and Giammatteo, by virtue of their positions, were privy to information regarding Ascena's goodwill accounting that was different from what was publicly disclosed. *See* AC ¶¶ 126-129, 131; Opp. at 21-26. Neither suffices.

Plaintiffs fail to allege a single fact or any "specific information conveyed to [Mr. Jaffe or Mr. Giammatteo] and related to fraud." *Rahman v. Kid. Brands, Inc.*, 736 F.3d 237, 247 (3d Cir. 2013). Plaintiffs point to Ascena's "'common information technology platform,'" (AC ¶ 126), weekly management meetings (AC ¶ 127), and the fact that Ascena retained Accenture to improve its operations (AC ¶¶ 128-129). But plaintiffs do not even allege that goodwill was discussed at the weekly meetings or a topic of Accenture's work, much less that the Individual Defendants learned from these sources that Ascena's goodwill was impaired. *See* MTD at 24-25; *Alberici v. Recro Pharma, Inc.*, 2020 WL 806719, at *16 (E.D. Pa. Feb. 14, 2020) (failing to specify "when [management] meetings occurred, where they were held" or exactly "what was conveyed" fails to plead scienter) (emphasis in original). Similarly, plaintiffs cannot plead scienter by simply tying alleged misstatements to Ascena's "core" business. Plaintiffs must still "support its theory with specific allegations that [Messrs. Jaffe and Giammatteo] acted with the requisite fraudulent intent with respect to the [goodwill impairment charge]." *Synchronoss*, 2019 WL 2849933, at *15.

*The "Sophisticated Defendant" Theory*. Plaintiffs cite Mr. Jaffe's and Mr. Giammatteo's academic credentials and allege that "the Individual Defendants' experience and sophistication in financial matters indicates that they must have understood the meaning of the objective facts within their possession concerning the Company's deterioration throughout the Class Period." AC ¶ 130.

9

What plaintiffs appear to suggest is that because the Individual Defendants were sophisticated executives, they must have (of course) contemporaneously shared plaintiffs' counsel's hindsight view about the impact of market conditions on Ascena's goodwill, and thus (of course) must have known that Ascena's opinions about goodwill "had no basis." This allegation is facially absurd and does not remotely satisfy plaintiffs' heightened pleading burden.

*The "I have a family" Theory*. Plaintiffs do not allege any facts indicating that Mr. Jaffe or Mr. Giammatteo had a particular, non-generic motive to misrepresent Ascena's goodwill, without which plaintiffs face a higher threshold for alleging intentional or reckless wrongdoing. *See Ortiz*, 537 F. Supp. 3d at 678. Indeed, plaintiffs plead *no* motive for Mr. Giammatteo, and for Mr. Jaffe, the best they come up with is the allegation that because Mr. Jaffe's parents founded the company, he did not want to "admit his failure." AC ¶ 133. In other words, Mr. Jaffe wanted Ascena to do well—a motive "'generally possessed by most corporate directors and officers,'" which does not suffice. *See GSC Partners CDO Fund v. Washington,* 368 F.3d 228, 237 (3d Cir. 2004); *Institutional Invs. Grp. v. Avaya*, 564 F.3d 242, 278-279 (3d Cir. 2009) (inferring scienter requires a "concrete and personal benefit").

## II.     Plaintiffs Fail to State a 20(a) Claim

The dismissal of the Section 10(b) claim against Ascena makes it "impossible to hold the individual defendants liable under § 20(a)." *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 279 (3d Cir. 1992). The Section 20(a) claims against Mr. Jaffe and Mr. Giammatteo should be dismissed.

## Conclusion

The Court should grant the Motion to Dismiss as to defendant Jaffe and defendant Giammatteo with prejudice. *See In re NAHC Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (upholding district court's denial of leave to amend because amendment would be futile, in part because the claim was time-barred).

10

Dated: April 19, 2022
      New York, NY

Respectfully submitted,

Caroline Hickey Zalka
Lauren W. Engelmyer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Defendants David Jaffe and
Robert Giammatteo*

11

**CERTIFICATE OF SERVICE**

I, DIANE P. SULLIVAN hereby certify that on April 19, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

Dated: April 19, 2022                                s/ Diane P. Sullivan___
                                                        Diane P. Sullivan