**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re Ascena Retail Group, Inc. Securities Litigation | No. 2:19-cv-13529-KM-JBC |

**DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT**

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Defendants David Jaffe and
Robert Giammatteo*

May 10, 2022

**TABLE OF CONTENTS**

Preliminary Statement.................................................................................................................1

Argument ...................................................................................................................................1

I.      Plaintiffs Fail to State a Section 10(b) Claim ................................................................1

        A.      Plaintiffs Cannot Establish Liability for Defendants' Opinion Statements.............1

        B.      Plaintiffs Fail to Plead Scienter......................................................................4

II.     Plaintiffs' Amended Complaint Should be Dismissed with Prejudice ...............................5

Conclusion .................................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alitsource S.A.R.L. v. Szumanski,*
2022 WL 909872 (D.N.J. Mar. 29, 2022) ...............................................................................2

*Camelot Event Driven Fund v. Alta Mesa Res., Inc.,*
2021 WL 1416025 (S.D. Tex. Apr. 14, 2021) ..........................................................................4

*City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.,*
908 F.3d 872 (3d Cir. 2018).....................................................................................................5

*City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp.,*
519 F. Supp. 3d 80 (D.R.I.), *reconsideration denied*, 541 F. Supp. 3d 231
(D.R.I. 2021) ............................................................................................................................3

*Conroy v. Leone,*
316 F. App'x 140 (3d Cir. 2009) .............................................................................................2

*Fan v. StoneMor Partners LP,*
927 F.3d 710 (3d Cir. 2019).....................................................................................................4

*Garcia v. J2 Glob., Inc.,*
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021)............................................................................3

*Hedick v. Kraft Heinz Co.,*
2021 WL 3566602 (N.D. Ill. Aug. 11, 2021) ...................................................................2, 3, 4

*Helwig v. Vencor. Helgwi v. Vencor, Inc.,*
251 F.3d 540 (6th Cir. 2013) ...................................................................................................4

*Hensley v. IEC Elecs. Corp.,*
2014 WL 4473373 (S.D.N.Y. Sept. 11, 2014)..........................................................................5

*Institutional Invs. Grp. v. Avaya, Inc.,*
564 F.3d 242 (3d Cir. 2009)......................................................................................................4

*Ortiz v. Canopy Growth Corp.,*
537 F. Supp. 3d 621 (D.N.J. 2021) ..........................................................................................2

*Strougo v. Tivity Health, Inc.,*
551 F. Supp. 3d 839 (M.D. Tenn. 2021)................................................................................3, 4

*In re Vivendi Universal, S.A.,*
381 F. Supp. 2d 158 (S.D.N.Y. 2003)......................................................................................4

*Winer Fam. Tr. v. Queen*,
   503 F.3d 319 (3d Cir. 2007)...................................................................................................5

**Other Authorities**

Compl., *Hedick v. Kraft Heinz Co.*,
   No. 1:19-cv-01339 (N.D. Ill. Aug. 14, 2020), ECF No. 274 ......................................................4

Defs.' Mot. to Dismiss Amended Compl., *Strougo v. Tivity Health, Inc.*,
   No. 3:20-cv-00165, 2020 WL 9886282 (M.D. Tenn. Dec. 4, 2020) ........................................3

Pl.'s Opp. to Mot. to Dismiss, *Strougo v. Tivity Health, Inc.*,
   No. 3:20-cv-00165, ECF No. 112 (M.D. Tenn. Jan. 4, 2021) ....................................................3

**Preliminary Statement**

Plaintiffs' supplemental opposition confirms the glaring holes in their complaint. Plaintiffs concede that *Omnicare* governs their Section 10(b) claim, but do nothing to address defendants' showing that the complaint fails to meet that pleading standard. Equally unavailing, plaintiffs rehash their scienter arguments but fail to rebut defendants' showing that each theory of scienter, viewed individually or holistically, fails to establish the gravamen of any Section 10(b) claim: that Mr. Jaffe or Mr. Giammatteo acted with fraudulent intent to deceive Ascena's investors. Unable to offer any meaningful rejoinder, plaintiffs request leave to amend. However, any further amendment would be futile as plaintiffs' claims are time-barred, and, in any event, plaintiffs' proposed amendment does nothing to cure the fundamental failures in their Section 10(b) claim. The AC[1] should be dismissed with prejudice.

**Argument**

**I.    Plaintiffs Fail to State a Section 10(b) Claim**

**A.    Plaintiffs Cannot Establish Liability for Defendants' Opinion Statements**

There is no dispute that the Individual Defendants' statements regarding Ascena's goodwill are only actionable if "they do not reflect [their] subjective belief (*i.e.*, [they] do[] not 'actually hold[] the stated belief'), or they omit known material information undermining that belief." Opp. at 18.[2] Plaintiffs' supplemental opposition highlights their failure to establish either prong.

Plaintiffs do not even attempt to argue that they have adequately pleaded facts, much less particularized facts, demonstrating that either Mr. Jaffe or Mr. Giammatteo personally did not genuinely believe Ascena's publicly disclosed goodwill estimates. Supp. Memo. at 3-4. Indeed, it

---

[1] Capitalized terms used but not defined herein have the same meaning as in defendants' opening brief (ECF No. 47) and Supplemental Memorandum of Law ("Supp. Memo.") (ECF No. 68).

[2] Defendants demonstrated that the challenged statements are "opinion statements," (MTD at 18-22; Supp. Memo. at 3) and plaintiffs concede that *Omnicare* applies. Opp. at 18.

is telling that plaintiffs fail to address Ascena's annual impairment test, conducted in September 2016—halfway through the purported class period—which showed that Ascena's goodwill was not impaired. MTD at 11-12. Unable to dispute subjective belief, plaintiffs nevertheless assert that Ascena's goodwill opinions became actionably false during the putative class period due to so-called "triggering events." Supp. Opp. at 4-5. Plaintiffs do not dispute that each and every one of these "triggering events" was public, not concealed from investors. Supp. Opp. at 4. As defendants showed, these "triggering event" allegations thus lend no support to plaintiffs' theory of opinion liability under *Omnicare*, which requires the *omission* of information from the public that renders an opinion actionably false. *See* MTD at 19-21; Reply at 6-9; Supp. Memo. at 4-5. Plaintiffs are entirely silent in response to this central argument in defendants' briefs (*see* Supp. Opp. at 4-6), and accordingly waive any argument under the omission prong of *Omnicare*. *See Alitsource S.A.R.L. v. Szumanski,* 2022 WL 909872, at *12 (D.N.J. Mar. 29, 2022) (citing *Conroy v. Leone*, 216 F. App'x. 140, 144 n.5 (3d Cir. 2009)) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant."). In the absence of facts showing Messrs. Jaffe and Giammatteo did not contemporaneously believe Ascena's goodwill estimates or omitted material information, plaintiffs' claim should be rejected as impermissible fraud by hindsight. *See Ortiz v. Canopy Growth Corp.*, 537 F. Supp. 3d 621, 672 (D.N.J. 2021) (plaintiffs' "allegations of fraud-by-hindsight are insufficient" where plaintiffs "merely allege that Canopy 'must have' doubted its statements because it ultimately had to reverse some of the revenue it recognized").

Grasping at straws, plaintiffs' opposition hinges on two inapposite decisions by out-of-Circuit district courts, *Strougo v. Tivity Health, Inc* and *Hedick v. Kraft Heinz Co.*, asserting that "red flags" are sufficient to support a finding of falsity for goodwill opinion statements. Supp.

2

Opp. at 2-3, 5. Neither *Tivity* nor *Hedick* stand for this general proposition, and both run contrary

to the weight of authority in the Third Circuit. *See* MTD at 18-22; Reply at 6-9.

   *Tivity* was not an opinion statement case. The defendants in *Tivity* did not argue that their

goodwill estimates were opinions, and the court did not evaluate the challenged statements under

*Omnicare*. *See Strougo v. Tivity Health, Inc.*, 551 F. Supp. 3d 839, 847-51 (M.D. Tenn. 2021); *see*

*also* Defs.' Mot. to Dismiss Compl., *Strougo v. Tivity Health, Inc.*, No. 3:20-cv-00165, 2020 WL

9886282 (M.D. Tenn. Dec. 4, 2020). Further, while plaintiffs here have failed to allege a single

*omitted* fact, plaintiffs in *Tivity* pled a specific omission (alleging defendants knew the company's

EBITDA was inflated and concealed that information). Pl.'s Opp. to Mot. to Dismiss at 19, *Tivity*,

No. 3:20-cv-00165, ECF No. 112 (M.D. Tenn. Jan. 4, 2021). *Hedick* is similarly inapposite.[3] In

*Hedick* (where the court addressed goodwill in one short paragraph of a lengthy decision), the

court also did not conduct the requisite *Omnicare* analysis regarding what material information

undermined the defendants' goodwill opinion statements and whether that information was

concealed or disclosed to the market. *See Hedick v. Kraft Heinz Co.*, 2021 WL 3566602, at *9

(N.D. Ill. Aug. 11, 2021). Moreover, in *Hedick*, plaintiffs alleged that defendants manipulated the

goodwill impairment testing by disregarding the most up-to-date financial data and using outdated

---

[3] Plaintiffs argue that "Defendants [made] no mention of *Hedick*" and supposedly did not bring "other recent authority to the Court's attention." Supp. Opp. at 2-3. But *Hedick* and *Tivity* have no precedential value; nor does either case provide a reasoned analysis of goodwill statements under *Omnicare*, which is the standard both parties agree governs. Moreover, if the Court is inclined to consider recent non-precedential authority, other courts have correctly found that, under *Omnicare*, "triggering events" are **not** sufficient to plead falsity of a goodwill opinion statement. *See City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 519 F.Supp.3d 80, 96-97 (D.R.I.), *reconsideration denied*, 541 F. Supp. 3d 231 (D.R.I. 2021) ("But a company's knowledge of unfavorable trends does not show that its goodwill balances were misleading as of the time they were stated. . . ."); *see also Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *16 (C.D. Cal. Mar. 5, 2021) (plaintiffs failed to adequately plead a material misrepresentation or omission for statements regarding the defendant company's goodwill when "facts about [the company's] impairment charge and [the acquisition's] revenue decline were publicly available.").

projections. Compl., ¶¶ 200-201, 215, *Hedick v. Kraft Heinz Co.*, No. 1:19-cv-01339 (N.D. Ill. Aug. 14, 2020), ECF No. 274. No similar allegation exists here.

### B.      Plaintiffs Fail to Plead Scienter

Plaintiffs' opposition simply rehashes the same generalized scienter allegations in the AC and fails the key pleading hurdle: alleging with particularity that the Individual Defendants acted with fraudulent intent. Plaintiffs again cite to *Hedick* and *Tivity* as support. Neither case is on point.

In *Hedick*, the court found a strong inference of scienter based not only on the impairment magnitude[4] and a single public statement, but also on an admission of intentional earnings manipulation and an SEC investigation. *Hedick*, 2021 WL 3566602, at *11-15. In *Tivity*, the court found an inference of scienter by applying the Sixth Circuit's nine-factor test (*see Tivity*, 551 F. Supp. 3d at 850 (citing *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2013)), which differs from the Third Circuit's holistic requirement.[5] Further, whereas defendants in *Tivity* failed to allege any plausible, non-fraudulent inferences (*see Tivity*, 551 F. Supp. 3d at 852), here defendants have provided a cogent and compelling explanation, which plaintiffs fail to meaningfully address. *See* Supp. Memo. at 6-7; MTD at 3, 28.

---

[4] Plaintiffs cite several out-of-circuit cases to argue that impairment magnitude alone is sufficient for a strong inference of scienter. Supp. Opp. at 8-9. The cited cases do not say that. The courts in each case found an inference of scienter based on additional factors that do not exist here. *See In re Vivendi Universal, S.A.*, 381 F. Supp. 2d 158, 177 (S.D.N.Y. 2003) (finding scienter based on both the large impairments and "the departure of key figures in [the Company]'s management"); *Camelot Event Driven Fund v. Alta Mesa Res., Inc.*, 2021 WL 1416025, at *11-12 (S.D. Tex. Apr. 14, 2021) (finding an inference of scienter based on both the enormity of the write-down (80% of the company's value) and the short period of time during which the impairment occurred).

[5] The Third Circuit requires plaintiffs to allege facts showing intent to defraud, or a "knowing or reckless state of mind," demonstrated by pleading "an extreme departure from the standards of ordinary care." *Institutional Invs Grp. v. Avaya, Inc.*, 564 F.3d 242, 252, 267 n.42 (3d Cir. 2009). Plaintiffs here do not come close to pleading intent to defraud or "an extreme departure from the standards of ordinary care." *See Fan v. StoneMor Partners LP*, 927 F.3d 710, 717-18 (3d Cir. 2019) (finding no inference of scienter where defendant repeatedly disclosed underlying business risks).

**II.      Plaintiffs' Amended Complaint Should be Dismissed with Prejudice**

Plaintiffs seek leave to amend the AC on the basis of new confidential witness allegations (Supp. Opp. at 10), but plaintiffs' proposed amendment would be futile for several independent reasons. First, plaintiffs' claims are time-barred by the applicable two-year statute of limitations. MTD at 14-15; Reply at 3-5. Clearly no amendment can cure this defect. Second, even if not time-barred, plaintiffs' new confidential witness allegations vaguely referring to "management" (Supp. Opp. at 10)—and not Messrs. Jaffe and Giammatteo specifically—do nothing to remedy the fatal flaw in plaintiffs' allegations. *See Winer Fam. Tr. v. Queen*, 503 F.3d 319, 335-36 (3d Cir. 2007) ("The PSLRA requires plaintiffs to specify the role of each defendant, demonstrating each defendant's involvement in misstatements and omissions."). Further, the new allegations merely rehash plaintiffs' existing theories of scienter, which fall far short of the requisite particularized factual allegations sufficient to state a Section 10(b) claim.[6] Accordingly, leave to amend should be denied and the AC should be dismissed with prejudice. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).

**Conclusion**

For these reasons, and the reasons set forth in defendants' previous briefing, the Court should grant the Motion to Dismiss as to defendant Jaffe and defendant Giammatteo with prejudice.

---

[6] *Compare* plaintiffs' "new" allegation of "information detailing that management monitored the ongoing impairment at its underperforming stores" (Supp. Opp. at 10) *with* plaintiffs' "red flags" theory (AC ¶¶ 123-125, Opp. at 24) and plaintiffs' "new" allegation that "the Company had robust electronic systems in place" enabling management to monitor company data (Supp. Opp. at 10) *with* the AC (AC ¶ 126; Opp. at 23). Repeating the same deficient allegations through a confidential witness does not save plaintiffs' case. *See Hensley v. IEC Elecs. Corp.*, 2014 WL 4473373, at *6-7 (S.D.N.Y. Sept. 11, 2014) (denying leave to amend requested on the basis of "additional information" from a confidential witness).

Dated:  May 10, 2022

Respectfully submitted,

Caroline Hickey Zalka
Lauren W. Engelmyer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Defendants David Jaffe and Robert Giammatteo*

6

**CERTIFICATE OF SERVICE**

I, DIANE P. SULLIVAN hereby certify that on May 10, 2022, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

Dated: May 10, 2022                                    _____s/ Diane P. Sullivan___
                                                                    Diane P. Sullivan